NANCY WRIGHT *vs.* JOHN RADDIN,

A submission to arbitration under the Gen. Sts. c. 147, was signed with tne names of the parties followed by a certificate of the magistrate, in the form given in § 2, that one of them personally, and the other by an attorney named, " appeared and acknowledged the above instrument, by them signed, to be their free act." *Held*, on an appeal under § 12 from an order of the court for judgment on the award after its acceptance and confirmation, that there was no defect in the submission apparent as matter of law on the record.

APPEAL under the Gen. Sts. *c.* 147, § 12, from an order of the superior court for judgment for the plaintiff on an award made and returned into court and accepted and confirmed in pursuance of a submission under §§ 1, 2, the agreement in which was signed with the names of the parties, followed by a certificate of the justice of the peace that " then the above named John Raddin personally, and said Nancy Wright by her attorney, Minot Tirrell, Jr., appeared and acknowledged the above instrument, by them signed, to be their free act."

*W. D. Northend*, for the plaintiff.

*J. W. Perry*, for the defendant.

HOAR, J. This is an action upon an award made in pursuance of a submission under the statute. Gen. Sts. *c.* 147, §§ 1, 2. The objection taken to it is, that the submission did not strictly conform to the statute requirements, which it must do to have any validity. *Abbott* v. *Dexter*, 6 Cush. 108. The only defect suggested is, that the name of Nancy Wright is signed, and the acknowledgment is made for her before the magistrate, by an attorney. The statute requires that the parties shall appear in person or by attorney before the magistrate, and there sign the submission and acknowledge it to be their free act.

The certificate of the magistrate before whom the submission was made is in the precise form given in the statute, and legally imports all that the statute requires for the validity of the submission. There is nothing upon the face of the papers to show that the plaintiff's name was not signed by her attorney in the presence of the magistrate, as well as the acknowledgment made in like manner. The presumption from the certificate is that it

was; and any question of fact upon which the decision of the superior court depends is conclusively settled in that court, and is not open upon the appeal.

*Judgment for the plaintiff affirmed.*