PATRICK SCEERY *vs.* CITY OF SPRINGFIELD.

The extension of a street by a city rendered necessary the removal of a part of a building; the mayor, in consideration of the owner's agreement not to claim damages, promised that the city should repair the rest of the building; the superintendent of streets made the repairs, but so unskilfully as to cause the building to fall. In an action by the owner against the city for the damage occasioned by the building's fall, *Held*, that the mayor had no authority to make such a contract, and that the making of the repairs by the superintendent of streets was not evidence of a ratification of the contract by the city.

TORT. The declaration was as follows:

" And the plaintiff says, that in consideration that the plaintiff agreed to waive all claim for land damages by reason of the taking of his land for a certain street by said defendant, the defendant agreed and undertook to repair, in good and workmanlike manner, a building of the plaintiff, a part of which had stood on land so taken by said defendant, and the defendant negligently, and in an unworkmanlike manner, repaired said building and the building in consequence thereof fell and was greatly injured, and in falling greatly injured divers carriages, wagons and sleighs of the plaintiff."

At the trial in the Superior Court, before *Dewey*, J., it was agreed that Dwight Street in Springfield was extended by the proper authorities; that the location of the extended portion was, in part, over the plaintiff's land, and that his barn was so situated as to render its partial removal necessary.

The plaintiff proposed to prove that the then mayor of Springfield made a verbal contract with him, that if he would waive all claim for damages by reason of the taking of his land for the street, the city would repair the barn in a good and workmanlike manner; that subsequently the superintendent of streets proceeded to repair the barn; that the work was done so negligently and in so unworkmanlike a manner as to cause the damages alleged, and that the taking down and repair of the barn was done at the same time as the work upon the extended street.

The defendant objected that the plaintiff could not maintain this action upon proof of these facts, because the mayor of the

city had no authority to make the contract. It was not claimed that any authority had been conferred on the mayor by a vote of the mayor and aldermen, or by vote of the city council; neither had any action ever been taken by the aldermen or city council as to making or confirming the contract.

The judge ruled that upon the proof offered by the plaintiff he could not maintain this action, and a verdict was rendered for the defendant, and the question of law as to the plaintiff's right to maintain the action upon the facts admitted and proof offered was reported by the presiding judge for the determination of this court. If the ruling was erroneous, the verdict was to be set aside and a new trial ordered, otherwise judgment was to be entered upon the verdict.

*E. H. Lathrop,* (*A. L. Soule* with him,) for the plaintiff.

*G. M. Stearns & M. P. Knowlton,* for the defendant.

ENDICOTT, J. Upon this report, the case presents the following facts, as admitted and tendered in proof: Dwight Street in Springfield having been extended as a way over land of the plaintiff, it became necessary to remove a portion of his barn, which stood within the limits of the extension. The plaintiff agreeing to waive all claim for damages for the taking of his land, the mayor of Springfield made an oral agreement with him, that the city would repair, in a good and workmanlike manner, that portion of the barn remaining on his own land outside the limits of the extension. The superintendent of streets, in constructing the extension, took down the portion of the barn within its limits, and repaired the portion remaining on the plaintiff's land. No action was ever taken in the board of mayor and aldermen, or in the city council, or by any other officers of the city in making or confirming the contract entered into by the mayor. The plaintiff alleges that the work of repair was done in such a negligent and unworkmanlike manner, that the barn fell, and greatly injured certain personal property belonging to him.

The question is whether the presiding judge was right, in ruling that the action could not be maintained.

There can be no question that the mayor had no authority by virtue of his office as mayor to bind the city by this contract.

*Fletcher* v. *Lowell,* 15 Gray, 103. *Lowell* v. *Simpson,* 10 Allen, 88. *Barker* v. *Chesterfield,* 102 Mass. 127. But the plaintiff insists that the act of the superintendent of streets was evidence of a ratification of the contract on the part of the city. It is true that a corporation may, by its corporate acts, or by the acts of an agent acting within the scope of his authority, ratify an agreement, not otherwise binding. Such acts may be taken to prove a previous authority or a subsequent ratification. *Melledge* v. *Boston Iron Co.* 5 Cush. 158, 179. A school district, by accepting and occupying a school-house, has been held to ratify the acts and contracts of its building committee. *Fisher* v. *School District in Attleborough,* 4 Cush. 494. So the repairs of a way by the proper officers of a town may be taken as evidence of its location on the trial of an indictment or action against the town for a defect therein. Gen. Sts. *c.* 44, § 26. *Hayden* v. *Attleborough,* 7 Gray, 338. In *Springfield* v. *Harris,* 107 Mass. 532, where a party agreed to pay for curb-stones to be placed by the city within the limits of a street, which was a mere act of ordinary repair of an existing way, it was held that the work having been done after the delivery of the agreement to the city by the proper agents of the city, there was evidence of an acceptance. The acts of the agents in those cases are presumed to be the acts of the corporation, because they are done within the general scope of their powers and in relation to a subject matter, and in a place, where the corporation has or may have a legal duty to perform.

But in this case the act of the superintendent, in repairing the barn, was not within the scope of his ordinary powers, either in constructing a new way or repairing an old one. The work was done outside the limits of the way, where neither he nor the defendant had any duty to perform, nor was it in the line of his duty to go outside the highway and repair buildings. It is the case of an officer overstepping his authority, and attempting to carry out the agreement of another officer, who has also exceeded his power. Neither had power to deal with the subject matter. It is therefore an act done without either express or implied **authority, and can in no sense be taken to be the act of the city**

ratifying and confirming the contract of the mayor. Entertaining this opinion, we have not thought it necessary to consider whether the city, through its proper channels, could lawfully make such a contract.

The ruling that the action cannot be maintained was right, and there must be                    *Judgment on the verdict.*