WILLIAM T. CAMPBELL *vs.* INHABITANTS OF UPTON.

A town may submit to arbitration a controversy to which it is a party.

A vote of a town empowering the selectmen to settle a claim against it, " at their discretion," authorizes the selectmen to submit the claim to arbitration.

One who has submitted his claim against a town to arbitration, and has appeared before, and been fully heard by the arbitrators, cannot after an adverse decision dispute the authority of the selectmen of the town to enter into the submission on its behalf.

The selectmen of a town were authorized by a vote of its inhabitants to submit the claim of W. C. to arbitration ; the claim submitted by them was the claim of W. T. C., who appeared before the arbitrators, was fully heard, and after an adverse decision objected to the authority of the selectmen to make the submission. *Held*, that the variance between the names was immaterial, it not appearing that there was any other person than W. T. C. of either name, or that any question of identity had been made before the arbitrators.

A submission to arbitration, under Gen. Sts. *c.* 147, § 2, provided that the award being made to the Superior Court, "the judgment shall be final," instead of pursuing the statute form of " the judgment thereon shall be final." *Held* that the omission of the word " thereon " did not invalidate the submission.

A submission to arbitration, entered into by a town and signed " The inhabitants of U., by A. and B. selectmen of U.," is properly acknowledged by A. and B. " in behalf of said inhabitants."

The certificate of a justice of the peace to a submission to arbitration under Gen. Sts. *c.* 147 that the parties " personally appeared and acknowledged said instrument by them signed," shows, in the absence of evidence to the contrary, that the submission was signed in his presence.

Arbitrators, appointed under Gen. Sts. *c.* 147, having met and come to a final decision, may sign the award at different times and places without again meeting for that sole purpose.

Where arbitrators, without authority to do so, award costs to be paid by the prevailing party that portion of the award may be rejected.

APPEAL under the Gen. Sts. c. 147, § 12, from an order of the Superior Court accepting an award made and returned into court in pursuance of a submission under that chapter. The case was submitted to the Superior Court upon an agreed statement of facts.

The agreement to submit the plaintiff's claim to arbitration was as follows :

" Know all men, that the inhabitants of the town of Upton, by the undersigned, selectmen of said town, and William T. Campbell, of Natick, have agreed to submit the demand, a statement whereof is hereto annexed, to the determination of George W. Hobbs, of Uxbridge, Zibeon C. Field, of Milford, and James H. Barker, of Milford, the award of whom, or the greater part of whom, being made and reported within six months from this day to the Superior Court for the county of Worcester, the judgment shall be final, and if either of the parties neglects to appear before the arbitrators, after due notice given them of the time and place appointed for hearing the parties, the arbitrators may proceed in his or their absence.

" Dated this twenty-fifth day of February, in the year one thousand eight hundred and seventy-three.

" The Inhabitants of Upton,
" By Thos. J. Hall, ⎱ Selectmen
" Horace Forbush, ⎰ of Upton.
" Wm. T. Campbell."

The certificate of the justice subjoined to the agreement was as follows :

" Worcester, ss. Feby. 25th, 1873.

" Then the above named Thomas J. Hall, Horace Forbush, in behalf of said inhabitants, and Wm. T. Campbell, personally appeared and acknowledged said instrument by them signed to be their free act and deed.

" Before me, Lewis Fales, Justice of the peace."

The special authority of the selectmen to act in the premises was derived from the following article in the town warrant, and the vote of the town thereon at a meeting holden prior to the agreement for submission to arbitration.

" Art. 4th. To see what action the town will take in regard to the claim of Wm. Campbell and act thereon."

" Art. 4th. Voted, that it be left with the selectmen to settle with William Campbell at their discretion."

The demand submitted to arbitration was a claim of Campbell against the town for damage received from a defect in the highway.

The award was signed by two only of the arbitrators, and found that Campbell was not entitled to recover any damages of the town; that the town should recover of him the costs of court, and that the fees of the arbitrators, $140, should be paid by the town.

The case was fully heard by all the arbitrators, and at the conclusion of the arguments, April 1, 1873, all the arbitrators remained in session deliberating on the case, but no conclusion was then reached. The consultation was adjourned to April 3, when all the arbitrators again met and had another consultation. The arbitrators were not agreed whether the plaintiff had exercised due care, and decided to submit this question to the court. The counsel in the case were notified of their decision, but concurred in the opinion that the arbitrators should determine the question of the due care of the plaintiff upon the evidence. The arbitrators thereupon had another meeting for consultation, and the counsel of both parties appeared before them. They then had a private consultation, and Hobbs and Barker were of opinion that the plaintiff was not in the exercise of due care at the time of the accident, and that he should receive no damages. Field was of a different opinion. The case was then determined by a majority of the arbitrators, as afterwards reported to the court, except that the fees of the arbitrators were to be paid in equal shares by the two parties. It was then arranged that Hobbs, the chairman, should draw the report and send it by mail to Barker. It was so drawn with the variation that the defendants should pay all the fees of the arbitrators, and was sent to Barker, with the signature of Hobbs. Barker submitted it to Field, the other arbitrator, who declined to sign it. Barker signed the report and returned it to Hobbs, who duly transmitted it to the Superior Court.

The plaintiff objected to the acceptance of the award, that the town had no right to submit the claim to arbitration; that the selectmen had no authority to submit the claim to arbitration in behalf of the town, or to sign and acknowledge the submission; that the vote of the town in regard to the claim of William Campbell, did not authorize the submission to arbitration of the claim of William T. Campbell; that the submission was void because it did not specify on what the court should render judgment; that it was void because it was not signed in the presence of the justice; that it was void because it was not properly acknowledged; that the award was void because it was not agreed upon at a meeting of the arbitrators, but was altered after the last meeting of the arbitrators and was not signed at their meeting, and because the arbitrators had no power to find for the defendants and then order them to pay costs.

*H. E. Fales*, for the plaintiff.

*T. G. Kent*, for the defendants.

GRAY, C. J. The objections made by the plaintiff to the acceptance of the award have no validity.

1. By the Gen. Sts. *c.* 147, § 1, all controversies which might be the subject of a personal action at law may be submitted to the decision of arbitrators, in the manner provided in that chapter. The demand submitted might be the subject of a personal action at law between the parties. A town has corporate capacity to sue and be sued, and consequently to submit to arbitration. Gen. Sts. *c.* 18, § 8. *Boston* v. *Brazer*, 11 Mass. 447. *Commonwealth* v. *Roxbury*, 9 Gray, 451.

2. The vote of the town, " that it be left with the selectmen to settle with William Campbell at their discretion," authorized them to settle his claim by means of a submission to arbitration, as well as in any other manner. And the authority of the selectmen to enter into the submission cannot be disputed after the parties have appeared and been fully heard before the arbitrators, and submitted the case to their judgment. *Everett* v. *Charlestown*, 12 Allen, 93.

3. The variance between " William Campbell" and " William T. Campbell " is immaterial, it not appearing that there was any

other person of either name, or that any question of the identity of the plaintiff was made before the arbitrators.

4. The omission of the word " thereon " after the word " judgment " in the submission, which in other respects exactly follows the form given in the Gen. Sts. *c.* 147, § 2, is unimportant. The submission shows by necessary implication that the judgment is to be on the award.

5. The submission being executed in the name of the inhabitants of Upton by the selectmen, the acknowledgment thereof by the selectmen " in behalf of said inhabitants " was sufficient. *Hutchins* v. *Byrnes,* 9 Gray, 367.

6. The certificate of the justice of the peace, that they and the plaintiff " personally appeared and acknowledged said instrument by them signed," follows the form given in the statute, and, at least in the absence of any opposing evidence, implies that the submission was signed in his presence as the statute requires. Gen. Sts. *c.* 147, § 2. *Wright* v. *Raddin,* 100 Mass. 319.

7. The arbitrators, having all met in consultation at the time of their final decision of the case upon the merits, were not required to meet again for the mere purpose of signing the award. Gen. Sts. *c.* 147, § 7. *Maynard* v. *Frederick,* 7 Cush. 247. *Sperry* v. *Ricker,* 4 Allen, 17. *Blodgett* v. *Prince,* 109 Mass. 44.

8. If that part of the award, which directed that the defendants should pay all the costs, was invalid for want of not having been agreed upon by the arbitrators when together, it may be separated from the rest of the award, and that part which determines the merits of the case stand good. Gen. Sts. *c.* 147, § 11. *Maynard* v. *Frederick,* 7 Cush. 247. *Hubbell* v. *Bissell,* 2 Allen, 196. But the only effect of that would be to set aside so much of the award as was favorable to the plaintiff. This the defendants do not ask, and the plaintiff of course does not wish for.                    *Judgment affirmed.*