BOYLSTON MARKET ASSOCIATION *vs.* CITY OF BOSTON.

The board of officers authorized by statute to lay out streets cannot empower one of their number to make a binding agreement as to betterments with a person whose estate is liable therefor.

BILL IN EQUITY filed September 7, 1871, alleging that the plaintiff corporation was the owner of certain real estate in Boston, situate on the corner of Boylston and Washington Streets, upon which was a building called the Boylston Market; that the board of aldermen of Boston, May 9, 1870, voted to take certain land of the plaintiff, and the buildings upon it, for the purpose of widening Boylston Street; that by virtue of that vote, the city took 1729 feet of the plaintiff's land; that, desiring to proceed amicably and fairly in the matter, the plaintiff corporation, through its officers, met and conferred with one Talbot, the chairman of the committee on streets, which was a committee of the board of aldermen; that from him they received an offer of $61,340, as compensation for all damage to be done to the property; that Talbot acted as the agent of the city; that with him the plaintiff transacted the whole business and made all contracts and agreements; that he represented himself to be the agent of the city, and that the city afterwards ratified his agreements and doings in the matter; that pending the negotiation, the plaintiff informed Talbot that it did not desire to settle for the sum offered until the amount of betterment to be assessed upon it for the benefit that might accrue by reason of the widening of the street was ascertained; that thereupon the plaintiff was informed that there would be no betterment assessed upon it; that relying upon this statement and agreement of Talbot, the plaintiff agreed to accept the above-named sum for damages, supposing it to be a final settlement of the whole matter, and that no betterment was to be assessed, or, if assessed, that it was to be considered as paid and released on account of the damages suffered; that acting upon this information and representation, the plaintiff received the $61,340 in full compensation for the damages suffered, and signed such paper as was offered by the city as

a discharge ; that December 24, 1870, the board of aldermen passed an order that the plaintiff should be assessed $6,500 ; that the city notified the plaintiff that, unless this amount was paid, it would proceed and sell the property ; and that in so levying an assessment, the board of aldermen acted contrary to the agreement of their agent, and contrary to the arrangement entered into when the settlement was made.

The bill then alleged that the plaintiff was induced and procured to sign the discharge upon the representation and understanding that there was to be no betterment ; and that, if the court should be of the opinion that the city had a right to assess a betterment, then the plaintiff ought not in equity to be bound by the discharge and settlement of the question of damages ; that by reason of such representation the plaintiff was induced to sign the discharge, which for that reason was not valid or binding ; and that it was further induced to allow the time to go by within which it might have brought a suit for the proper damages ; wherefore, by the fraud or mistake of the city, the plaintiff had lost its right to its full amount of damages; and thus had no remedy at law ; that in case of a betterment assessed upon any party, such party has the right, if aggrieved at the amount, to apply by petition within one year, and to have the betterment assessed and fixed by a jury ; that the plaintiff, if it has no other remedy, proposed to apply for a re-assessment of the betterment.

The prayer of the bill was, " that a writ of injunction may issue, restraining the said respondent from proceeding to sell the complainant's estate for non-payment of the betterment assessed thereon for the widening of Boylston Street, until the complainant shall have an opportunity of having its damages assessed by a jury, in the ordinary way if possible ; and if not, under this bill of complaint on an issue or statement to be formed by this court; or that they shall be enjoined from all proceedings and action under said order assessing said betterment ; or that they shall be enjoined from selling said estate until after December 24, 1871 ; and to issue such further orders as to your honors may seem necessary and proper."

The answer admitted the payment of the damages and the assessment for betterments as alleged, but denied that Talbot was the agent of the city, or had authority to make any agreement binding upon the city.

The case was heard by *Ames,* J., on the bill, answer and a general replication, when the following facts were agreed:

" That the committee on streets of the board of aldermen of the city of Boston, consisting of three members of the board, of which said Talbot was chairman, reported a resolve to the board of aldermen that Boylston Street should be widened, and that a portion of the land and buildings of the complainant should be taken therefor, and an order of notice was given to the complainant to appear before the aldermen; that the matter was referred to the committee on streets; that the complainant appeared before such committee several times in regard to the matter, and then the committee reported an order taking certain land of the complainant, and estimating the damages as set forth in the complainant's bill, which order was duly passed, said amount was paid to the complainant, and a deed given to the city under seal, containing a clause releasing the city from any and all claims for damages by reason of such taking."

The case was reserved for the full court upon the pleadings and agreed facts.

*L. M. Child,* for the plaintiff.

*J. P. Healy,* for the defendant.

AMES, J. This court has recently had occasion to decide that the assessment of a certain proportion of the expense incurred by laying out, widening or improving a public street or highway, upon such estates as receive any special benefit or advantage thereby, is a tax which is authorized by law. *Dorgan* v. *Boston,* 12 Allen, 223. *Harvard College* v. *Aldermen of Boston,* 104 Mass. 470. *Codman* v. *Johnson,* Ib. 491. *Walker* v. *Whittemore,* 112 Mass. 187. This tax, although special and local in its character, must, nevertheless, be assessed upon all the estates so benefited and liable to be assessed, in such a manner that each shall bear its just proportion, and no more. The law provides that it shall be assessed by a responsible board of officers, and in the

execution of that duty they act in a *quasi* judicial capacity. This is a public duty or trust, the performance of which cannot be dispensed with or abridged by any agreement of the city. *Bell* v. *Boston*, 101 Mass. 506. *Brimmer* v. *Boston*, 102 Mass. 19. *Sceery* v. *Springfield*, 112 Mass. 512. *Barker* v. *Chesterfield*, 102 Mass. 127. *Lowell* v. *Simpson*, 10 Allen, 88. Neither can the performance of that duty be delegated by the board to anybody else, but it must be wholly their own act. It would be, if possible, a still greater departure from their legitimate authority, to undertake to authorize any one individual to select one of the benefited estates from the whole number, and make it the subject of a separate settlement by virtue of which it is to be omitted from the assessment.

It follows, therefore, that the agreement which the plaintiff says it made with the chairman of the committee on streets cannot have any effect in relieving its estate from the assessment.

*Bill dismissed, with costs.*