McIlvaine, J.
Did the court err in refusing to charge as requested, that if the alleged criminal acts were committed by the wife in the presence of her husband “ the law presumes she acted under his coercion, and she can not be convicted, even though in fact she voluntarily did the acts ? ”
It is well settled in this state, that it is not error to refuse to charge a proposition as requested, if as a whole it does aiot state the law correctly. Inglebright v. Hammond, 19 *134 Ohio, 337; French v. Millard, 2 Ohio St. 44; Walker v. Devlin, 2 Ohio St. 593; Eckels v. The State, 20 Ohio St. 508.
As a general rule, it is a good defense, where a married woman is charged with crime', to show that the alleged criminal act was committed by her under the coercion of' her husband. And we have no doubt, the offense charged against the plaintiff in error was within the rule. And further, it is a presumption of law, that, in cases within the-rule, where the act of the wife is done in the presence of her husband, it is done under the constraint and coercion * of the husband. But such presumption is only prima facie. It may be rebutted; and when it is shown that she acted voluntarily, although the husband was present, she is liable' to punishment, as if she were a feme sole.
It was a part of the proposition which the court below refused to give, that the plaintiff in error was not liable for an act done in the presence of her husband, although in fact she acted voluntarily and not by the coercion of the husband. The refusal was proper, as such doctrine is not only contrary to reason, but is opposed by the great weight, if not the entire current, of authorities. 1 Whar. Crim. Law, 71 1 Bishop’s Crim. Law, § 358 et seq; Roscoe’s Crim. Ev, 985 ; 11 Cox’s Crim. Cases, 99; 113 Mass. 71.
The next question is, Did the court err in refusing to charge that “ If the abortion was the result of drugs and instruments combined, and was not solely the result of either, the defendant can not. be convicted under this indictment?”
The statute makes foeticide, by administering a drug, or by using an instrument, a crime; and makes no express provision where the destruction of the foetus results from their combined effect. It by no means follows, however, that,, where the destruction of the 'foetus results from their combined operation, no crime under the statute, is committed. Each of the counts in this indictment charged the samefoeticide. In the first it was charged to have been caused by means of an instrument, and in the second, by means of a drug. That these counts were properly joined is not disputed. Whether a third count, charging the destruction of *135 the foetus by the combined use of an instrument and a drug, would have been good, may be seriously doubted; no such means being named in the statute: but if good, it conclusively shows, that under one or both of the counts of this indictment a conviction might be had, upon proof that the foeticide was the result of the combined effects of both causes. It is only necessary now, however, for us to show, that it was not essential to a conviction under either of the counts, that the destruction of the foetus was caused solely by the means described in such count.
Let us suppose that the indictment had contained only the first count charging the crime to have been committed by the use of an instrument, and that the testimony had shown that the health of the foetus or mother had been impaired by drugs administered by the plaintiff' in error or by some other agency, and that under such circumstances the instrument had been used by her so as to destroy the foetus in its enfeebled condition, or to hasten its destruction in case the drug had produced a mortal sickness; it can not be doubted, that a conviction, under such count, would have been proper, although the destruction was the combined result of the instrument and the drug, or in other words, was not caused solely by the use of the instrument.
And mutatis mutandis, if the indictment had contained only the second count.
The views here expressed are fully sustained by all the authorities which treat of the subject of combined causes. See 1 Hale’s P. C. 428 ; 2 Alabama, 275 ; 2 Allen, 136; 3 Cush. 181; 2 Bish. Cr. Law (6th ed.), §§ 638, 639.
Thus it is made quite clear, that the court properly refused to charge, that if the abortion was not solely the result of one or the other of the causes named, there could be no conviction under- the indictmenr.
It is also contended, on behalf of the plaintiff' in error, that the verdict is bad for repugnancy. The argument, in support of this point, is that the truth of the “ verdict is a physical and legal impossibility; that the same foetus was *136 entirely killed by the use of au instrument, and then entirely killed by the administration of drugs.”
We have already shown that it was not essential to conviction, that the fcetus should have been destroyed solely by the means described in one or the other of the counts. The gravamen of the charge, in each count, was the unlawful destruction of a vitalized fcetus, not the employment of a particular means for that purpose. In contemplation of law, each of said counts charged a distinct and substantive offense. And, further, in contemplation of law, the general verdict was a response to the counts severally. So, that, technically, there is no repugnancy in the verdict. The alleged inconsistency is not found upon the face of the verdict, nor upon the indictment and verdict when construed together. The sole suspicion of repugnancy arises on the fact set forth in the record, that there was no evidence in the case tending to show that more than one fcetus was destroyed; but all the testimony related to one fcetus.
Now, the point under consideration is not that the verdict was against the evidence. That question was settled by the overruling of the motion for a new trial, and we do not have the evidence before us. The question is, is the verdict repugnant? This question must be answered by reference to the several counts and the verdict; and from them no repugnancy is apparent.
Indeed, it is difficult to understand how it is possible that a general verdict of “ guilty” can be repugnant, where the several counts in the indictment are not only properly joined, but also are of such a character, that it would be an abuse of discretion to compel the prosecuting attorney to elect upon which the trial should proceed. We have not seen, and doubt whether there can be found, a case where the same criminal transaction is set out in different counts, for the purpose of securing a correspondence between the allegations and the proofs, in which a general verdict has’been held to be repugnant, although the cir *137 cumstances of the transaction, as stated in the different counts, be wholly irreconcilable.
The fact that it appeared in the testimony that both counts related to the same feticide required the court to pronounce but one sentence. This was done, and the plaintiff in error has not been prejudiced. It may be said that this view is technical. So it is, but technical rules should be adhered to when justice is thereby promoted and no injury inflicted.
It is quite clear, from this record, that the plaintiff iu error was guilty of the unlawful destruction of a vitalized fetus, and that its destruction was the combined effect of two causes, both of which were put in operation by the plaintiff' in error, and justice requires that she should suffer the penalty, and this is done by strict adherence'to the forms of criminal procedure. 18 Ohio St. 444; 5 Wheat. 184; 1 Harris (Pa.), 634; 3 Wharton, O. L., § 3182.

Judgment affirmed.