## CITY OF SOMERVILLE *vs.* GEORGE H. DICKERMAN.

Middlesex.    Jan. 10. — July 29, 1879.    COLT & ENDICOTT, JJ., absent.

An agreement, by which a city undertakes with the owners of land taken for a street to submit the assessment of damages and betterments to arbitration, is *ultra vires* and void; and the city cannot maintain an action to enforce an award made under such submission.

CONTRACT upon an award of arbitrators appointed under an agreement of submission to arbitration, under seal, entered into by the plaintiff, as the party of the first part, and the defendant and others, as the parties of the second part, on June 3, 1872, and containing the following : " Whereas, a certain street or town-way, known as Highland Avenue, has been duly laid out and established in said Somerville, extending from Central Street to Elm Street; now, therefore, the parties whose land has been taken for the laying out of said street do hereby mutually cove- nant and agree to refer and submit to three arbitrators, to be appointed as hereinafter stated, the following matter, namely : To ascertain, determine and estimate the amount of damage sustained by the said parties of the second part severally in their property, by the laying out and construction of said street and taking of their land therefor (the said parties of the second part hereby severally releasing to said city the land so taken for the construction or laying out of said street), from Central to Elm Streets, as aforesaid, and likewise to ascertain, adjudge and determine the value of the benefit and advantage received by any real estate of the said parties of the second part therefrom, beyond the general advantage to all real estate in the said city of Somerville, and to assess or award to be paid a proportional share accordingly of the expense of laying out and constructing said street as aforesaid, upon said parties of the second part; provided, however, that such assessment upon said parties shall not exceed one half the amount of such adjudged benefit and advantage, and the award of said arbitrators, or a majority of them, shall be final." Then followed a provision in regard to the appointment of the arbitrators, and their mode of procedure.

At the trial in this court, before *Ames*, J., without a jury, it appeared that on November 2, 1869, Somerville, which was then

a town, accepted the betterment laws then in force, namely, the Sts. of 1866, *c.* 174; 1868, *c.* 276; 1869, *c.* 169.

In 1871, the selectmen of the town altered and widened the existing portion of Highland Avenue, lying between Medford Street and its termination at Central Street, by the addition of ten feet on each side, making the same sixty feet wide; and, at the same time, and by the same act, laid out and extended the avenue sixty feet wide from Central Street to Elm Street.

At a town meeting held on April 27, 1871, in pursuance of an article in the warrant, " to see if the town will accept and approve the laying out, the alteration, widening and extension of Highland Avenue, on the report of the selectmen," the town accepted and approved such alteration, widening, extension, and laying out of Highland Avenue.   In the report of the selectmen, no reference was made to the betterment law, and they awarded damages to only two persons whose lands were taken.   After the acceptance by the town of the report of the selectmen, and at the same meeting, the town passed the following vote: " Voted, that the selectmen be instructed to assess the expense of the extension and alteration of Highland Avenue upon the abutters, under the provisions of the betterment law of the Commonwealth."   But no assessment has been made, and no proceedings have been had by, in behalf of, or against, any of the abutters, on account of the widening or extension of Highland Avenue, except as herein stated.

At the time of the execution of the submission to arbitration, the new portion of the avenue, from Central Street to Elm Street, had been constructed, completed and opened for public travel; but neither at that time, nor at the time of the making of the award relied on in this case, had anything been done towards the construction of the alteration and widening of the old portion of the avenue, between Medford and Central Streets.

In the laying out of the new portion of the avenue, about forty-two thousand feet of the defendant's land was taken therefor, and no damages were awarded to him.

The arbitrators determined that the defendant had not sustained damages in his property by the laying out and constructing of Highland Avenue, and the taking of his land therefor; but that he had been benefited beyond the general advantage to

all real estate in the city of Somerville to the amount of $9320; and awarded that he should pay the city $4660, being one half of the adjudged benefit.

The judge ruled that the action could be maintained; and found for the plaintiff for the full amount of the award and interest. The defendant alleged exceptions.

*J. S. Abbott*, for the defendant.

*C. Robinson, Jr.*, (*S. C. Darling* with him,) for the plaintiff.

MORTON, J. The submission in this case is plainly an attempt, on the part of the city of Somerville and of the owners of land taken for a new street in that city, to delegate to arbitrators chosen by the parties the power of determining the amount of the damages of the landowners, and of assessing the betterments or benefits received by the landowners by the laying out of the street, under the betterment laws, so called. The submission is peculiar, as it contains no covenants or stipulations on the part of the city, but the necessary implication is, that, upon performing the award based upon it, the parties are to be mutually released from all claims for damages and for betterments; otherwise, there is no mutuality and no consideration for the promises of the parties of the second part.

The question which lies at the foundation of this case is, whether the city had the power to enter into this agreement, for, if the execution of it by the city was *ultra vires* and void, the other parties would not be bound.

It is not necessary to decide whether, in a case where a way is laid out under the Gen. Sts. *c.* 43, the city or town has the power to submit to arbitration the question of the damages sustained by the landowner. In such a case, the controversy or question is between the town and each landowner separately, as to the damage he has sustained by the taking of his land; it concerns no one else, it may well be and often is settled by agreement, and it would seem that it might be referred to arbitrators as a convenient mode of settlement without affecting the rights of others or violating any principles of public policy. It was so held in *Boston* v. *Brazer*, 11 Mass. 447, under the laws as they then were. See *Everett* v. *Charlestown*, 12 Allen, 93 · *Campbell* v. *Upton*, 113 Mass. 67.

But where a way is laid out under the betterment law, a dif-

ferent case is presented. Then it is the duty of the board of street commissioners or of aldermen in cities, and of selectmen in towns, to determine what real estate has received special benefit from the laying out, and to assess upon such estate a proportional share of the expense. This assessment is in the nature of a tax, which must be laid proportionally upon all the estates which are specially benefited. In laying it, the said boards act, not as agents of the city or town, but as public officers in a quasi judicial character. They are not subject to the direction or control of the city or town. The city or town cannot by any agreement abridge or limit the rights of the board, or exonerate an owner of benefited land from the liability to be assessed. *Boylston Market Association* v. *Boston,* 113 Mass. 528. *Harvard College* v. *Boston,* 104 Mass. 470. *Brimmer* v. *Boston,* 102 Mass. 19.

In the case at bar, therefore, the city of Somerville had no power to enter into an agreement to exonerate the persons who signed the submission as parties of the second part from liability to assessments for betterments. The submission was void, and the city cannot maintain an action to enforce the award made under it. *Exceptions sustained*