## County of Blaine v. George W. Brewster.

[Filed June 30, 1891.]

Eminent Domain: Private Bridges: Compensation.   One B.
was possessed of a bridge 180 feet in length, over the North Loup
river at the town of B.   The county commissioners, upon a pe-
tition duly signed, located a public road to and over said bridge,
and thereby appropriated it to public use.   An appraiser was af-
terwards appointed by the county board, who found the value of
the bridge to be $610.   The county board rejected the claim, but
on appeal to the district court this sum with interest was al-
lowed.   *Held*, That the owner of the bridge was entitled to com-
pensation.   *McCann v. Otoe Co.*, 9 Neb., 324, distinguished.

Error to the district court for Blaine county.   Tried
be'ow before Tiffany, J.

*J. Warren Gardiner*, for plaintiff in error.

*C. W. Aikins*, and *John H. Evans, contra.*

Maxwell, J.

The defendant in error was possessed of a bridge 180
feet in length, across the North Loup river, at the town of
Brewster.   A public road was duly located, on a petition,
to and over said bridge, and the same appropriated by the
public.   The testimony shows that an appraiser was ap-
pointed by the county commissioners, who fixed the value
of the bridge at $610, and a claim for that amount was filed
against the county, which claim the county board after-
wards disallowed.   The defendant in error thereupon ap-
pealed to the district court, where judgment for $610 and
interest was rendered in his favor, from which judgment
the county now brings the cause into this court by petition
in error.

It is contended that the county had no authority to ap-

propriate the bridge in question, and hence that it is not liable for the value of the same, and in the case of *McCann v. Otoe Co.*, 9 Neb., 324, is cited to sustain that view. In that case the public bridges over the Nemaha river had been carried away by high water, and McCann possessed a private bridge over said river which was left undisturbed. To preserve communication across the river, the county board entered into a contract with him for the use of the bridge and paid him therefor a large sum, and afterwards arbitrators were chosen and the bridge and right of way appraised. The court held in effect, that a public road could not be created in this way; that the statutory mode of locating a public highway must be observed. It is said, page 331, "If a private bridge is desired for the use of the public, the statute points out the mode of procedure by the location of a public road."

A public road was created in this case across the bridge, evidently for the purpose of enabling the county to appropriate the bridge in question. It thereupon became a public bridge and has been used by the public ever since. It is but justice, therefore, that the defendant in error be paid the value of the same. The proof shows the value to be at least equal to the amount of the judgment. There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.