(124 App. Div. 515.)

SMADBECK v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

1. MUNICIPAL CORPORATIONS—ARBITRATION—BENEFIT FROM PUBLIC IMPROVE-MENT—AGREEMENTS—VALIDITY.

Under the charter of Mt. Vernon, providing for three assessors to be chosen by the people, and that the expense of public improvement shall be apportioned and assessed by the assessors upon the land benefited thereby in proportion to the benefit derived from the improvement, an agreement by the city and an abutting owner that the value of his lots before and after a change of grade should be fixed by arbitrators, whose decision would be final, and that the benefit should be taken as the amount to be paid in lieu of the assessment, is ultra vires and void, since it abrogated the right of the assessors to make the assessment, and the power of the assessors is quasi judicial in character, and cannot be delegated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1062.]

2. SAME—MATTER SUBJECT TO ARBITRATION.
    Where the determination of the amount to be assessed for benefits from public improvements is cast by law upon assessors, the fixing of the amount is not the subject of an action within the purview of Code Civ. Proc. § 2366, authorizing the submission to arbitrators of any controversy which is the subject of an action.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1062.]

3. ARBITRATION AND AWARD—ACKNOWLEDGMENT—EFFECT.
    An agreement to submit to arbitrators the amount of an assessment for benefits from public improvements not acknowledged or proved and certified, as required by the direct provisions of Code Civ. Proc. § 2366, is void.

Appeal from Special Term, Westchester County.

Action by Louis Smadbeck against the city of Mt. Vernon. From an order denying a motion to vacate a judgment entered in an action to cancel assessments for public improvements in accordance with the award of arbitrators, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

George H. Taylor, Jr. (Frederick W. Clark, on the brief), for appellant.

Alfred G. Reeves, for respondent.

JENKS, J.  I think that this appeal should be decided upon a point not directly raised or discussed by either of the learned counsel.  It appears that an assessment for regulating, grading, and improving otherwise a street in the city of Mt. Vernon had been laid and apportioned pursuant to the statutory procedure prescribed therefor upon certain lands benefited, including land owned by the plaintiff.  The plaintiff brought his action to have the assessment against his property vacated and adjudged illegal and void, and complained that part of the work of improvement was unlawful and illegal, in that there was an unlawful change of grade; that certain extra work was not contracted for in accord with law; that unlawful items of expense were included; and that there was a substantial departure from the proper rule of assessment in violation of the Constitutions of the United States and of the state of New York.  Issue was joined.  Thereafter there was an agreement or stipulation made between the plaintiff's attorneys and the defendant's corporation counsel upon the recital that they desired to have the issues settled by arbitration, whereby it was stipulated and agreed that the values of the lots of land of the plaintiff (excepting certain ones) before and after the grading should be fixed and determined by two arbitrators, and, if necessary, by an umpire, whose decision should be final, and that the benefit to each of said lots by reason of the grading should be fixed and determined by said arbitrators, "and that said benefits shall be taken in each case as the amount which, with interest from the date of said grading, shall be paid in lieu of the assessment, on each of said lots, respectively."  It was further agreed that there might be application by either party to the Special Term for judgment on the filing of the report fixing and determining the amount of the assessments.  The arbitration was held and a report was made.  The corporation counsel there-

after sent a resolution to the common counsel of Mt. Vernon, reciting, "Whereas, in an action brought * * * for the cancellation of certain assessments * * * the amount thereof was fixed at $1,700.30 and the plaintiff and his assigns have agreed to pay all taxes and other assessments in full," that directed the city clerk to cancel the assessments and the sales on the payment of interest. This resolution was passed and approved by the mayor. The amount was paid and received, and the assessments and sales were canceled. Thereafter the common counsel passed a resolution of rescission. The plaintiff had theretofore entered judgment, which the defendant moved to vacate. The appeal is from the order denying vacation.

This stipulation or agreement was not in the nature of a reference or submission of the issues in litigation between the parties, but was, in effect, an agreement that arbitrators should fix and determine the amount of the benefits arising from the improvement, and that such benefit should be the assessment upon the plaintiff's lands for the improvement in lieu of the assessment upon such lands laid and confirmed. I think that the city, and, a fortiori, its law officer, could not do this thing. The charter of the city (chapter 182, p. 355, Laws 1892) provided for three assessors to be chosen by the electors (section 5). This statute declares that the expense of such improvements as were made in this case "shall be apportioned and assessed upon the several lots of land benefited thereby by the assessors in proportion to the benefit which the same shall derive from the improvement." Section 182. My proposition is that by this agreement the corporation counsel (or the city, if you will, for it matters not if I am correct in the application of the principle I am about to state) in effect consented that these arbitrators should determine the amount of assessment instead of the assessors of the city, and that this step was ultra vires. In the City of Somerville v. Dickerman, 127 Mass. 272, the plaintiff agreed with the owners of land affected by a proceeding to open a street to submit the assessment of damages and betterments to arbitration, and the court held the agreement ultra vires, holding that, if the controversy were between the city and each land holder separately, then the difference might be adjusted by arbitration, but, when a way was laid out under a betterment law by which it became the duty of designated officials to determine the question of benefit and to assess accordingly in proportion, the assessment was in the nature of a tax which must be laid proportionately upon all of the property benefited; that the officers acting are as public officers in a quasi judicial capacity, not subject to direction or control of the town; and that the town cannot abridge or limit the rights of the designated officers or exonerate the owner of benefited land from the liability to be assessed. In Boylston Market Association v. Boston, 113 Mass. 528, the local officers designated by statute empowered one of their number to make an agreement as to betterments in laying out a street, and the court said that the tax, although local and special in its character, must be assessed upon all the estates benefited and liable, so that each should bear an equal proportion, that the law provided it should be assessed by a responsible board of officers who act quasi judicially, and that the performance of such a trust could not be dis-

pensed with or abridged by any agreement of the city, and that it could not be delegated to any one else. The court further say:

"It would be, if possible, a still greater departure from their legitimate authority to undertake to authorize any one individual to select one of the benefited estates from the whole number, and make it the subject of a separate settlement by virtue of which it is to be omitted from the assessment."

See, too, Eastman v. Inhabitants of Stowe, 37 Me. 86; McCann v. County Commissioners of Otoe County, 9 Neb. 324, 2 N. W. 707. In Paret v. City of Bayonne, 39 N. J. Law, 559, it was decided that, when the charter of a city authorizes the taking of land for public improvements and provides a special mode of ascertaining the value of lands taken and damages, the officers of the city could not make a valid agreement that the value and damages could be determined by arbitration, and that the city attorney could not consent to a reference therefor; the principle being that what the parties proposed "was nothing more nor less than to obtain an appraisement of the plaintiff's lands in a way and by a tribunal different from that prescribed in the city charter." The power of the city to lay this tax is purely statutory, and the enabling statute must be strictly pursued without departure from the substance thereof. Newell v. Wheeler, 48 N. Y. 486; Merritt v. Village of Portchester, 71 N. Y. 309, 27 Am. Rep. 47; Guest v. City of Brooklyn, 79 N. Y. 624. The powers of the assessors in the premises are quasi judicial (Cooley on Taxation, 786; Bellinger v. Gray, 51 N. Y. 610; In re Cruger, 84 N. Y. 619), and such powers could not be delegated (Providence Retreat v. City of Buffalo, 29 App. Div. 160–165, 51 N. Y. Supp. 654, and authorities cited). This controversy—i. e., the amount to be assessed for benefit—is not the subject of an action within the purview of section 2366 of the Code of Civil Procedure, for it is a determination cast by law upon the assessors of the city. Henderson v. Adams, 5 Cush. (Mass.) 610. In any event, the agreement did not meet the formal requirements of the statute (Code, § 2366), in that it was not duly acknowledged and certified as thereby required, and therefore it did not afford any basis for the action of the court. Electric Steel Elevator Co. v. Kam Malting Co., 112 App. Div. 686, 98 N. Y. Supp. 604.

The order must be reversed, with costs, and the motion granted, with costs. All concur.