HON EDWARD M. SALTZMAN Corporate Counsel, Port Chester
This is in reply to your letter of January 26, 1976 concerning a process for cancellation of outstanding taxes against property owned by the Village of Port Chester. Title was obtained by a deed in lieu of a tax lien foreclosure.
You have not indicated in your inquiry which method of tax lien enforcement has been adopted by your village board, but I proceed with the assumption that since you are representing a village in Westchester County, your village board has elected to proceed under Section 1455 of the Real Property Tax Law, which provides a special procedure for villages in Westchester County. In any event there is no right to compromise taxes in the absence of statute. (Smadeck v. City of Mount Vernon, 124 A.D. 515, [2d Dept., 1908].) Under subdivision 4 of that section, the village may accept a deed of conveyance subject to other tax liens. Subdivision 5 requires the village to sell the property upon terms fixed by a resolution of the Village Board of Trustees. Under subdivision 22, towns and villages may agree to a sale of the property and that it be sold free of town, school and village taxes and that the proceeds, if insufficient to pay the taxes, be apportioned. In subdivision 26, provision is made for a sale by the village of the property purchased by it.
In addition to the above, under Article 11, Title 4, Section 1150 and Section 1439, similar agreements for satisfaction and discharge of tax liens by a sale of a property may be made by villages and towns in Westchester County.
If your village has proceeded under Section 1455 but wishes to retain title to the property acquired, the language of subdivision 5 mandates the sale of the property to satisfy the tax lien. If your village has proceeded under the general method outlined in Sections 1452, 1453 and 1454, the village could take and retain title to the premises, but could remove the other tax liens only by paying them, since no provision for forgiveness of taxes is in the law.