Putnam, J.
[After stating the declaration.] To this the de-
fendant has pleaded the general issue; and he contends that the plaintiffs are not entitled to recover, because, the action being upon mutual promises between the subscribers to the agreement, and upon no other consideration, the subscription of the committee of the selectmen will not bind the inhabitants, and therefore that the inhabitants are not bound.
By the statute of 1804, c. 27, the selectmen of the town of Boston for the time being are empowered to lay out any new street, or to widen any street, lane, or alley, whenever, in their opinion, the safety or convenience of the inhabitants shall require it; and the selectmen may agree with the parties who may be damaged, or submit the matter to a special committee.
We are all satisfied that, in virtue of this authority, the selectmen might lawfully make the agreement in this case ; that this contract was properly made by them virtute officii; and is not to be considered as operating upon the selectmen individually, but upon the inhabitants. This agreement may properly be construed an undertaking on the part of the inhabitants to widen the lane ; and the several individuals of the other party may, in consideration of their promise to pay and perform the award of the arbitrators, maintain an action against the inhabitants, if they should fail t<r perform their part of the contract.
*406 The defendant further objects that the way has not been widened according to the plan, which was a condition preceden* to the plaintiffs’ right of recovery upon this agreement.
It appeared that the eastern line or side of Exchange Lane extended farther into Dock Square, which both parties [ *450 ] * knew; that, in taking the plan, the proposed widening of twelve feet was measured on an angle according to that projection, and not at right angles with the eastern side of the alley, upon the building of Mr. Sargent on Dock ¡¡¡Square, and the same width was also measured upon the buildings, as they stood in State Street, at the other end of the lane ; and that a right line was drawn between the two points accordingly, from State Street to Dock Square, thereby adding twelve feet to the width of the lane or alley; and that the defendant himself has erected a building on that line.
But the defendant contends that he is not bound by this ad measurement; and he claims to measure at right angles with the eastern side of said alley twenty-four feet, which would run into Dock Square, and from that point to run the right line to State Street.
Upon considering this part of the case, we are inclined to the opinion that the lane has been widened, in fact, according to the true intent and meaning of the agreement; and that the defendant could not have been misled by the plan, as he was perfectly well acquainted with the situation of the premises.
But it is further argued that, although the lane may have been widened in fact, yet the proceedings of the selectmen have not been recorded, as the law requires; so that any one may obstruct it, without being liable to be charged for a nuisance, (a)
We are all satisfied that the town has undertaken to widen the lane; so that the defendant may lawfully use it as a way. If he should be prejudiced from their omission to record it, he may unquestionably recover a compensation in damages.
It is further contended that Mr. Sargent, one of the abutters, was never a party to the submission or agreement, and therefore that the defendant is not, at any rate, liable to pay the proportion of the award assessed upon him for the damages allowed to Sargent.
It appearing from the agreed case that the arbitrators published their award in the presence of all the said parties, [ * 451 ] * and that the defendant and the other parties assented *407 to the same; and it further appearing, from a paper in the case, that the parties to the original agreement were desirous that the arbitrators should proceed to execute their duty, as if all the persons interested in the proposed alteration had become parties to the submission ; and it appearing, also, that Mr. Sargent afterwards assented to the award ; — we do not think this objection can prevail.
It is, however, still further contended that the defendant, at most, undertook to perform the award; and that the award is not according to the submission, inasmuch as the money is not awarded to be paid to the inhabitants of Boston, but to the abutters on the said lane, who were to sustain damage by the widening thereof.
Towns are originally answerable in damages to parties injured by the laying out or the widening of ways, unless they are laid out for the particular use and at the request of individuals. The town of Boston, in this case, was liable to pay to the parties injured the damages they have severally sustained, whether the defendant should pay the award or not.
The true meaning of the submission was, that the arbitrators should determine who were to be benefited, and who injured, by widening this way; and equitably to ascertain what each should contribute to the other. It was immaterial whether the money which the arbitrators awarded against the defendant should be paid to the injured abutters, or to the plaintiffs. Payment to the abutters was, in effect, payment to the town ; inasmuch as it so far discharged the town from its original liability. The award has substantially pursued the submission.
Upon the whole, we are all satisfied that the verdict for the plaintiffs ought to stand, (a)

Judgment on the verdict

 Commonwealth vs. Merrick, 2 Mass, Rep. 529. —- Hinkley & Al. vs. Hastings, 2 Pick. 162. — Kean vs. Stetson, 5 Pick. 492. — Commonwealth vs. Low, 3 Pick. 408.— Commonwealth vs. Newbury, 2 Pick. 51.

 Vide Com. Dig., by Hammond, Arbit. E, 1, and note p. and E, 7; and queer e, whether the award did substantially pursue the submission; and, furthermore, whether the town of Boston could legally be considered as a party thereto. .