## COMMONWEALTH ex rel. *v.* FULLERTON.

Where a township is created by Act of Assembly, describing the boundaries by a reference to certain rivers, creeks, and farms, without naming the county, the locality may be ascertained by parol evidence, and the township is lawfully created.

IN error from the Common Pleas of Westmoreland.

This was a *quo warranto* at the relation of the overseers of the poor of South Huntingdon township, against the overseers of Mississinewa township.

The questions submitted, were: 1. Whether parol evidence was admissible to prove that the boundaries of the territory, within which the defendants exercised their office, corresponded with the boundaries named in the Act of Assembly hereafter set forth, and if so, whether that township was lawfully created.

The township of South Huntingdon was an old one, and embraced the territory alleged to be the township of Mississinewa.

By the Act of 1847, § 22, it was enacted:—"That the limits contained within the following boundaries be erected into a township, to be called Mississinewa, to wit: Beginning at the mouth of Myers' run on the Big Sewickly creek, thence embracing the farms

of Adam Vandyke, Henry Dougal, Robert McGuffey, John J. Robertson, Adam Pose, formerly J. Robertson, jr., Robert Boyd, Thomas Hannah, Paul Warden, Henry Shupe, Wible farm, George Hough's property, Thomas Williams, Thompson lot, Charles Hewit's property, Boy and Wallace's, McKey property, Smith's part of the Bennet farm, and Samuel Smith's property on the Youghiogheny river, thence down said river to the West Newton borough line, thence round said line to the river, and thence down said river to the mouth of the Big Sewickly creek, and thence up the same to the place of beginning."

There was nothing else in the Act of Assembly indicating the locality of the new township.

The Court (KNOX, P. J.) gave judgment for the defendants.

*Burrell*, for plaintiffs in error.—There is no allusion to any county to which this section can be referred, but Juniata, and that is in the preceding section. The statute must be construed *ex visceribus suis :* 2 Cranch, 33 ; 9 Bac. Ab. 239 ; its meaning cannot be determined by parol evidence : 9 Port. 266. This is a local statute, and cannot be extended but to those named : 4 Mass. 140 ; for it would be to deprive a township of the right to tax a part of its inhabitants. If a private corporation, the Act would be unconstitutional ; why is it not equally so with respect to public corporations, unless expressly authorized by statute ? But if the evidence is admissible, it should have been shown that the description could not apply to the county last named in the statute.

*Cowan*, contrâ.—As in deeds so in statutes, evidence is admissible, to show whereabouts are the landmarks referred to in written instruments. Without such testimony, the locality of no public corporation could be ascertained.

COULTER, J.—The points raised in this case seek to annul a legislative Act, not exactly for want of power in the Assembly to make the enactment, but for want of certainty as to the locality and the people to whom it shall apply. It appears that the people of Westmoreland county now within the bounds of Mississinewa township, thought that it applied to them, and finding that the coat fitted them they put it on and wore it ; and it does not appear that any other person or persons claim the garment. Westmoreland county is not named in the section of the Act in question, nor is the township of South Huntingdon, out of which the new township is taken. Nevertheless, there can be no mistake about the locality

or the people in relation to whom the legislature did enact the section under consideration. The borough of West Newton is perfectly well known in the topography of the State, and so is Big Sewickly creek, and its mouth where it empties into the Youghiogheny river. The township of Mississinewa is described in the section. [His Honour here recited the Act.] Here is a description so precise and graphic that no one can mistake it. The people within the limits knew that it was for them, acted under it, made a thorough organization, and the respondents are the regular acknowledged officers of that township, provided always that the township is lawfully constituted. The legislature must presume that some things are known to the people of the Commonwealth, and the whereabouts of the Youghiogheny river, the borough of West Newton, and the Big Sewickly creek, seems to have been left by them to the citizens of the State. No other people than those who applied the law to themselves claimed, and it would certainly apply to none else.

With regard to the second point, to wit, that the rights of the old township of South Huntingdon cannot be affected, as it is not named in the Act, it is sufficient to say, that the extent of the jurisdiction of the officers thereof is restricted and limited, by an irresistible implication, to the territory yet embraced in the old township, and not included in the new.

If the legislature pass an Act relating to certain townships, naming them, it affects them only, because it is not a general law, and that is the amount of the case cited from 4 Mass. 140. It has no similitude to this case. The' power of the legislature to erect new counties and townships is commensurate with the State; it is interdicted by no constitutional injunction, and by so doing they affect not the rights of other townships or counties. All that is incumbent on them is to designate the new creation with convenient certainty; that they have done in this case. The location of the Youghiogheny river, the borough of West Newton, and the Big Sewickly, are as well known as the township of South Huntingdon. It is usual, no doubt, to designate the county and the old townships in such cases as matter of description, but it is not indispensable. The reason of its not being done in this case, I presume, was the new practice which has sprung up of embracing forty or fifty different subjects in one bill called an Omnibus, which is often doubtless passed without sufficient attention by the majority to the different component parts.

The judgment of the Court below is affirmed.