MITCHELL
*v.*
LAY.

</div>

## THE STATE *v.* WOOTEN.

Where a bond entered into by a prisoner and his sureties, under the stat. of 11 March, 1837, s. 1, for the appearance of the principal at a term of court, does not describe the offence committed, nor that for which the party is bound to answer, the condition being merely for his appearance at a term of court and remaining there until discharged, no judgment can be rendered against the parties to the bond.

APPEAL from the District Court of Morehouse, *Copley*, J. *Sharp*, district attorney, for the State. *Dubose*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. This is an appeal taken by the defendant from a judgment of the Twelfth District Court, sitting in the parish of Morehouse, rendered on motion, under the act of 1837, on a bond entered into by the defendant and his sureties, for the appearance of the former at a term of said court next ensuing after the execution of the bond.

The act under which these proceedings have been conducted, places bonds and recognizances upon the same footing; and this court has more than once held that, there are certain forms to be observed in both which are essential to recovery on them under the law,

The bond is without any endorsement of filing in court, or return from the magistrate or officer, or any note or word of the manner in which it is taken. It is executed in favor of the Governor of the State and his successors in office. It does not describe the offence committed, nor that for which the party is bound to answer, the condition being merely for his appearance at the next term of the court, and remaining there until discharged.

In the case of the *Commonwealth* v. *Daggett*, 11 Mass. 447, it was held essential to a recognizance for the appearance of a party to answer a criminal charge, that the recognizance contain the cause of taking it; and, in the case of the *State* v. *Jones*, 3 An. 9, it was held that, no judgment could be rendered under this act on a bond, in which the charge recited did not constitute an offence against the laws. See also the *State* v. *Cooper*, 3 An. 225.

The motion to dismiss this appeal we do not think tenable.

It is, therefore, decreed that, the judgment appealed from be reversed. and that the State take nothing by its motion.