## Mary A. H. Proctor *vs.* Benjamin Wells.

The right of taking clams from the flats under tide waters in any town in this Commonwealth is a public right, unless restricted by acts of the legislature or the town, or by prescription; and is not impaired by a grant of the flats from the legislature to the town, or from the town to individuals; nor by the St. of 1841, *c.* 64, for the protection of the shell fishery in Ipswich.

Tort for entering the plaintiff's close in Ipswich, digging clams thereon and carrying them away; submitted to the judgment of the court on facts agreed, of which the following is the material part:

The close on which the trespass was alleged to have been committed consisted of flats, adjoining the upland along Ipswich River and the seashore, granted by the colony to the commoners of Ipswich; 1 Mass. Col. Rec. 172; 2 Ib. 283; 4 Ib

part 2, 427; and in 1844 conveyed by the town of Ipswich for a valuable consideration to Daniel Dole, who died before the time of the alleged trespass and devised them to the plaintiff, who also claimed title to them under a deed of Francis J. Oliver, dated in 1834. They have never been inclosed in any manner, and are open to navigation when the tide is full.

Inhabitants of Ipswich have taken clams from these flats ever since the memory of man. The defendant was an inhabitant of Ipswich; and the alleged trespass consisted in his entering upon the flats between high and low water mark, and within one hundred rods of the upland, in a boat, and while the flats were covered with water, and, after waiting till the tide had ebbed, digging and carrying away five bushels of clams embedded in the soil and of natural growth.

The St. of 1841, *c.* 64, entitled " An act for the protection of the shell fishery in Ipswich," was also made a part of the agreed facts. If the facts would sustain the action, judgment was to be given for the plaintiff for nominal damages; otherwise for the defendant.

*S. B. Ives, Jr.,* for the plaintiff.

*C. A. Sayward,* for the defendant.

GRAY, J. The law which governs this case is well settled by repeated and carefully considered decisions of this court. The right of fishing in the sea or rivers in any town in this Commonwealth, either for swimming fish or for shell fish, is a public right, which belongs to all the inhabitants of the town, unless restricted by acts of the legislature or of the town, inconsistent therewith, or by prescription; and a grant by the legislature to a town of the title in the bed of a river, or in flats covered by tide water, within its limits, does not convey by implication the right of fishing to the town as its own property; for the right of fishing, not being an incident to the right of property in the soil, but a public right to take the fish, which, whether moving in the water or imbedded in the mud covered by it, depend upon the water for their nourishment and existence, is unaffected by the question whether the title in the land under the water is in the Commonwealth, in the town, or in private persons. *Coolidge*

v. *Williams,* 4 Mass. 140. *Randolph* v. *Braintree,* Ib. 315. *Dill* v. *Wareham,* 7 Met. 438. *Weston* v. *Sampson,* 8 Cush. 347. *Lakeman* v. *Burnham,* 7 Gray, 437. *Commonwealth* v. *Bailey,* 13 Allen, 541. The St. of 1841, *c.* 64, imposing a penalty to the use of the town of Ipswich for the taking of clams by any person, without permission of the selectmen, from the flats owned by the town, contains no indication that the legislature intended or understood that the right of fishing for them was the property of the town or incident to the ownership of the flats. It follows that the deeds under which the plaintiff claims title to the flats in question, whether made before or since that statute, gave her no exclusive right to the shell fish therein as against other inhabitants of the town ; and that, as she has offered no evidence of having acquired any such right by prescription, there must be           *Judgment for the defendant*