## WILLIAM E. PACKARD *vs.* ELMER E. RYDER.

Barnstable.　March 7. — May 9, 1887.　FIELD, C. ALLEN, & GARDNER, JJ., absent.

A person may, from a boat, enter upon and walk along the unenclosed flats of another, between high and low water mark, and within one hundred rods of the upland, for the purpose of fishing in the sea, and may so fish while on such flats.

TORT, for breaking and entering the plaintiff's close, in Bourne, and catching and carrying away from the waters within the plaintiff's premises ten trout. Trial in the Superior Court, without a jury, before *Brigham,* C. J., who allowed a bill of exceptions, in substance as follows:

It was agreed that, on April 8, 1886, the defendant landed upon the plaintiff's flats, having come thereto by water, and landing from his boat. Thereupon, the tide being out, the defendant walked along the narrow strip of land or soil between high-water mark and low-water mark, in part consisting of shingle and gravel, and also in part covered with sedge grass, for the purpose of fishing; and he did, while so standing or walking, fish; that he was forbidden by the plaintiff, but continued so to stand, walk, and fish, claiming the right to do so; that the waters facing said shore are the open, navigable, tidal waters of Buzzard's Bay; that the damage done to the plaintiff's close was small; and that the defendant walked, at times, in fishing as aforesaid, within one hundred rods of high-water mark, but he at no time went above high-water mark.

On these facts the judge found for the plaintiff; and the defendant alleged exceptions.

*C. F. Chamberlayne,* for the defendant.

*H. P. Harriman,* for the plaintiff.

HOLMES, J. It is now well settled that there is a public right to take shell-fish on the shore and flats below high-water mark and within one hundred rods of the upland, until the flats are enclosed by the proprietors. *Weston* v. *Sampson,* 8 Cush. 347. *Dunham* v. *Lamphere,* 3 Gray, 268, 271. *Lakeman* v. *Burnham,* 7 Gray, 437. 9 Gray, 526, 527. *Commonwealth* v. *Bailey,* 13 Allen, 541, 542. *Proctor* v. *Wells,* 103 Mass. 216. *Commonwealth* v. *Manimon,* 136 Mass. 456, 458. But the right to take shell-fish is asserted on the single ground that the general right of fishing extends to and includes it. *Weston* v. *Sampson,* and *Lakeman* v. *Burnham, ubi supra.* The cases cited show too plainly for further discussion, that, if there is a right to go upon flats and to disturb the soil for clams, *a fortiori* there is a right to pass over them for fishing, in the stricter sense of the word. The defendant did not set nets, or create any permanent obstruction, as in *Duncan* v. *Sylvester,* 24 Maine, 482.

*Exceptions sustained.*