## WASHINGTON COUNTY.

---

### John Allen *vs.* John P. Allen.

The private rights which a riparian proprietor on tide water has to the shore between high and low water mark are in the nature of franchises or easements, the fee of the shore being in the State as trustee for the public.

Shell fisheries are public rights, and in the absence of express restriction any inhabitant of the State may take shell fish anywhere on the shores of Narragansett Bay below high water mark as it exists from time to time, and in doing so disturb the soil and dig up the grass and sedge if necessary.

Hence, it is not trespass to disturb thatch in digging clams on the shores of Narragansett Bay below high water mark.

DEFENDANT'S petition for a new trial.

This was an action of trespass *quare clausum fregit.* The plaintiff's close was described in the declaration as bounded by Narragansett Bay. The alleged trespass proven was the digging of clams below high water mark in a thatch bed which ran out from the upland, and thereby destroying the thatch.

*May* 24, 1895. PER CURIAM. A riparian proprietor whose land borders upon tide water has, by the common law, certain private rights to the shore between high and low water mark. These do not amount to seizin in fee, but are in the nature of franchises or easements. *East Haven* v. *Hemingway,* 7 Conn. 186, 202 ; *Simons* v. *French,* 25 Conn. 346, 352 ; *Lockwood* v. *N. Y. & N. H. R. R. Co.,* 37 Conn. 387. The right to build wharves and to fill out the upland may be exercised, as against anyone but the State provided navigation is not impeded, or a nuisance created thereby. *Engs* v. *Peckham,* 11 R. I. 210 ; *Bailey* v. *Burges, ib.* 330. Some of these rights may be alienated or annexed to other upland estates, as the right to cut sedge or grass, see citation by Potter, J., in *Providence Steam Engine Co.,* v. *Providence & Stonington Steamship Co.,* 12 R. I. 348, 369, and the right to take seaweed which is stranded on the beach. *Bailey* v. *Sisson,* 1 R. I. 233 ; *Kenyon* v. *Nichols, ib.* 106 ; *Hall* v. *Lawrence,* 2 R. I. 218; *Knowles* v. *Knowles,* 12 R. I. 400. When it is necessary or convenient these alienable rights may be defined by boundaries, but this circumstance does not enlarge the character of the right.

The State holds the legal fee of all lands below high water mark as at common law, as has been uniformly and repeatedly decided by this court. *Bailey* v. *Burges, supra; Engs* v. *Peckham,* 11 R. I. 210, 224 ; *Brown* v. *Goddard,* 13 R. I. 76, 81 ; *Folsom* v. *Freeborn, ib* 200, 204. By the common law of Massachusetts and Maine, based upon or declared by a colonial ordinance, the fee in lands to a certain distance below high water mark was given to the upland proprietor,

and this rule applies to such portions of our shore as have been ceded from Massachusetts. This right of the State is held, however, by virtue of its sovereignty, and in trust for all the inhabitants, not as a private proprietor. The public rights secured by this trust are the rights of passage, of navigation and of fishery, and these rights extend, even in Massachusetts, to all land below high water mark unless it has been so used, built upon or occupied, as to prevent the passage of boats, and the natural ebb and flow of the tide. *Weston* v. *Sampson*, 8 Cush. 347 ; *Moulton* v. *Libbey*, 37 Me. 472 ; *Packard* v. *Ryder*, 144 Mass. 440.

The establishment of a harbor line permits the riparian owner to carry the upland or high water mark out a certain distance from the natural shore. Actual extension of the upland to the new line extinguishes all public rights within it. The land which was formerly shore becomes upland and while the rights to shore and upland are not changed, they are carried further out into the tidal stream, or sea. *Engs* v. *Peckham*, 11 R. I. 210, 224 ; *Providence Steam Engine Co.* v. *Providence & Stonington Steamboat Co.*, 12 R. I. 348, 355. Until actual filling out, the public rights exist as before. *Gerhard* v. *Bridge Commissioners*, 15 R. I. 334.

Shell fisheries are public rights which may be regulated for the public good ; *State* v. *Cozzens*, 2 R. I. 561 ; *State* v. *Medbury*, 3 R. I. 138 ; *New England Oyster Co.* v. *McGarvey*, 12 R. I. 385 ; as may also the rights of navigation. In the absence of any express restriction, any inhabitant may take shell fish anywhere in the waters of the State and on the shores below high water mark as it exists from time to time. In doing so, he may disturb the soil and dig up the grass or sedge if necessary.

The public right of fishery is paramount to the private right to cut grass or sedge. *Bagott* v. *Orr*, 2 Bos. & Pul. 472 ; *Parker* v. *Cutler Milldam Co.*, 20 Me. 353 : *Peck* v. *Lockwood*, 5 Day, 22 ; *Lakeman* v. *Burnham*, 7 Gray, 437 ; *Proctor* v. *Wells*, 103 Mass. 216 ; and other Massachusetts cases cited above.

The instructions of the judge before whom the case was tried were erroneous in affirming that it was a trespass in the defendant to disturb the plaintiff's thatch in digging clams.

A new trial must be granted.

*Samuel W. K. Allen,* for plaintiff.

*Frederick C. Olney,* for defendant.