JAMES H. GRIFFITH *vs.* WALTER B. SAVARY.

Suffolk.　January 15, 1902. — April 3, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Fishery.　Oyster Bed.　License.*

A license under Pub. Sts. c. 91, § 97, "to plant, grow and dig oysters" on a specified area of flats, gives the licensee the exclusive use of the flats described in the license, and another who digs with his hands quahaugs from the included flats is liable to the licensee in a civil action.

TORT in the nature of trespass *quare clausum fregit* for entering the plaintiff's oyster bed in that part of Wareham called Bourne's Cove, licensed by the selectmen of Wareham under Pub. Sts. c. 91, § 97, and digging in the soil thereof and injuring the oysters growing thereon and removing quahaugs therefrom.　Writ dated November 5, 1901.

In the Superior Court the case was heard upon agreed facts by *Mason*, C. J., who found for the plaintiff in the sum of $1 without costs.　The defendant appealed.

The agreed facts were as follows: The plaintiff was licensed by the selectmen of Wareham to plant, grow and dig oysters upon the premises described in the declaration in a tidal estuary of Buzzard's Bay, which were used for the growing of oysters at the time of the defendant's entry thereon, but it was agreed that no injury except so far as necessarily connected with or incidental to the doing of the acts themselves was done to the oysters on the premises.

The defendant on or about August 31, 1901, while the license was in force, entered upon the licensed premises by rowing there in a boat and anchored his boat on and over the premises below low water mark for the purpose of fishing. He did not cross any upland belonging to the plaintiff. Upon arriving over the licensed premises, the defendant went overboard from his boat, and while wading around in the water over the premises took and removed therefrom a certain quantity of quahaugs. In such taking and removal the defendant used only his hands and other parts of his body, digging up the quahaugs with his fingers and depositing them in his rowboat. In so doing he did no unnecessary damage to the bottom or to anything on it, and it was agreed that if the acts themselves were justified there had been no damage to the plaintiff. The defendant knew that the plaintiff had forbidden the defendant and all others from entering on or walking over the flats for the purpose of catching quahaugs or for any other purpose. The entry was not by permission of the plaintiff or of any one in his behalf; but the defendant went on the premises as a matter of right under a claim that by law he was entitled to do exactly what he did do in pursuance of his public right of fishing. It was admitted that all town regulations as to the taking of shell fish were complied with by the defendant and that none of such town regulations purported to authorize going upon premises licensed for the planting, growing and digging of oysters.

*M. C. Waterhouse*, for the defendant.

*C. F. Chamberlayne*, for the plaintiff.

LATHROP, J. The plaintiff was duly licensed "to plant, grow and dig oysters" on the locus in question, under the Pub. Sts. c. 91, § 97. By § 99, this gave him the exclusive use of the flats described in the license for these purposes. *Commonwealth* v. *Manimon*, 136 Mass. 456. While the case just cited was an indictment under the Pub. Sts. c. 91, § 101, and while the defendant in this case may not have committed the specific offence pointed out in that section, and may not be subject to prosecution under the St. of 1885, c. 220, § 5, yet if he has infringed the rights of the plaintiff, he is liable to a civil action. *Keene* v. *Gifford*, 158 Mass. 120.

The question remains whether the rights of the plaintiff have

been interfered with. This depends upon the construction to be given to the language of § 99, " The person so licensed, his heirs and assigns, shall for the purposes aforesaid have the exclusive use of the flats," etc. We are of opinion that the words used were not intended to be a limitation upon the use of the flats, but that they grant an exclusive use and designate the purpose for which the flats are to be used. Any other construction would lead to endless disputes and difficulties.

It is a well known fact that quahaugs are found in the mud and oysters above it. If, therefore, any one has the right to get the quahaugs, he must disturb the oysters; and the contention of the defendant in this case is that, if he can do so in a manner not made criminal, he is within his right, and may damage the bottom and everything upon the same, if necessary to the exercise of this right. We cannot agree with his contention; and are of opinion that the Legislature clearly regarded oysters as more valuable than quahaugs, and intended that a licensee should have an exclusive right to the flats included within his license.

*Judgment for the plaintiff.*