CHARLES H. TAYLOR, JR., *vs.* BOSTON, CAPE COD AND NEW YORK CANAL COMPANY.

Barnstable.   March 31, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Fisheries.   Oysters.   Cape Cod Canal.*

Under St. 1899, c. 448, § 16, providing for the recovery of damages to "any fishery, including oyster fisheries," caused "by the deposit of excavated material, or in any other way" by the construction of the Cape Cod Canal, the licensee of oyster beds in Buzzards Bay may recover damages for loss suffered by reason of the pollution of the water over the flats by a sediment of sand and decayed organic matter stirred up by the excavations which caused the oysters to sicken and perish.

PETITION, filed on April 20, 1911, under St. 1899, c. 448, § 16, for the assessment of damages to the petitioner's oyster beds in Buzzards Bay alleged to have been caused by the construction of the Cape Cod Canal.

In the Superior Court the case was tried before *Jenney,* J.   At

the close of the evidence, which is described in the opinion, the respondent asked the judge to rule that on all the evidence the jury should find for the respondent and to give this and certain other instructions to the jury. The judge refused to give this and other instructions requested and submitted the case to the jury with instructions, to a part of which the respondent excepted.

The jury returned a verdict for the petitioner in the sum of $3,516.39; and the respondent alleged exceptions.

*R. G. Dodge,* (*H. S. Davis* with him,) for the respondent.

*J. W. Lund,* (*R. J. Cram* with him,) for the petitioner.

BRALEY, J. The petitioner before and after the enactment of St. 1899, c. 448, incorporating the respondent company had been lawfully granted several licenses "to plant, grow and dig oysters at all times in the year in and upon the flats in the tide waters of Buzzards Bay" within the limits of the town of Bourne. Pub. Sts. c. 91, §§ 97, 98. St. 1884, c. 284. St. 1885, c. 220. St. 1886, c. 299. R. L. c. 91, §§ 104, 105, 106. And through successful propagation and cultivation he had become the owner of a large quantity of merchantable oysters embedded within the area covered by the grants.

Until the licenses had been terminated the oysters remained his exclusive property, and he could have maintained an action of tort for their removal or destruction by private persons. *Keene* v. *Gifford,* 158 Mass. 120, 123. *Griffith* v. *Savary,* 181 Mass. 227. The St. of 1899, c. 448, § 16, recognizes and protects this class of property from injury or confiscation during the work of construction by providing that, "In case of any injury to any fishery, including oyster fisheries, caused by said canal company by the deposit of excavated material, or in any other way, the canal company shall pay to the owner or licensee of said fishery, or to the towns of Sandwich or Bourne in case the fisheries destroyed or damaged are public fisheries, such damages as shall upon the application of either party be estimated by the commissioners on inland fisheries and game, in a manner similar, so far as may be, to that provided in laying out highways, and with a right of appeal to a jury by proceedings similar to those provided for in section five of this act."

The evidence was conflicting. But the jury could find upon the evidence introduced by the petitioner, that in excavating for

the canal which included the "approach channels," a sediment consisting of sand and decayed organic matter from the excavations so roiled and polluted the water flowing over the flats that the oysters, being thereby deprived of a full supply of food, sickened and perished. St. 1899, c. 448, § 3. It is the respondent's contention that the damages suffered are too remote and indirect to be recoverable, and that injury to particular oysters as distinguished from impairment in the future of the value of the licenses, is not within the purview of the statute.

If this construction is adopted the words "oyster fisheries" and "licensee" become meaningless, for the Pub. Sts. c. 91, §§ 97, 98, in force when the original licenses, afterwards renewed, were issued expressly provides that no license shall be granted covering any portion of tide water flats where a natural oyster bed exists, and it is to be assumed that the selectmen complied with the requirements of the statute. The fishery moreover is created by statute, and when the St. of 1899, c. 448, was enacted the Legislature must be presumed to have intended by the words "oyster fisheries" and "licensee" the statutory fishery which the petitioner has been licensed to maintain. *Devney's Case*, 223 Mass. 270, and cases cited.

While it is true that the destruction of the shell fish was not caused by the "deposit of excavated material" dumped upon the flats, the context, "or in any other way," leaves no doubt that, even if the portions occupied by the petitioner have not been taken, compensation is provided if the injury proved is found attributable to the authorized construction and completion of the canal as a navigable waterway. *Bent* v. *Emery*, 173 Mass. 495. *Wellington* v. *Cambridge*, 220 Mass. 312, 316, 317, and cases cited. St. 1899, c. 448, § 3. The petitioner not having sought or been awarded damages for any diminution in the future of the value of the granted flats for cultivation as an oyster fishery, and the measure of recovery having been strictly limited to the oysters in the soil and the oyster seed attached thereto, as stated by the presiding judge in his instructions to the jury, we find no error of law in his refusal of the defendant's requests or in the instructions given in so far as the questions raised by the exceptions have been argued.

*Exceptions overruled.*