O’Neill, J.
The plaintiffs are residents of Bourne, Massachusetts. The plaintiffs allege that the Massachusetts Maritime Academy has unlawfully restricted public access to parking and fishing areas along Academy Drive in Bourne, Massachusetts. The Academy asserts ownership of the property, and the right to place reasonable restrictions on the use of the roadway. Plaintiffs filed a complaint seeking injunctive and declaratory relief. The matter is before this Court on defendant Massachusetts Maritime Academy’s motion *117 for summary judgment, plaintiffs cross-motion for summary judgment, and defendant Town of Bourne Board of Selectmen’s cross-motion for summary judgment.
BACKGROUND
The summary judgment record, when viewed in the light most favorable to the nonmoving parties, reveals the following. The plaintiffs are residents of Bourne, Massachusetts. The defendant Massachusetts Maritime Academy (hereinafter “MMA”) is an institution of higher learning administered and regulated by the Commonwealth’s Department of Higher Education and located in the town of Bourne. In 1957, the Town of Bourne voted unanimously to “discontinue the roadway at the State Pier at Taylor’s Point,” and thereby transferred ownership in that property to MMA.[2] Hence, the small portion of Academy Drive that rounds Taylor’s Point at the pier is a private way belonging to MMA. In 1973, John Gallo, a resident of Bourne, made a gift to MMA of certain property along Academy Drive and adjacent to the State Pier. The instrument describing Mr. Gallo’s charitable transfer contains no restrictive covenants running with the land. In 1980, the Town of Bourne granted MMA permission to maintain a gatehouse where Academy Drive meets Tower Lane. The gatehouse is located on a public way. Subsequent to the construction of the gatehouse, MMA placed limitations on public access to the portion of Academy Drive that lies between the gatehouse and the State Pier. Specifically, MMA prohibited motor vehicle access beyond the gate between the hours of 10:00 PM and 6:00 AM. MMA designated certain parking spaces for faculty and held themselves out as the owners of that portion of Academy Drive.
MMA is presently involved with a construction plan. One of the proposed elements of the plan is to replace the gatehouse. When the new gatehouse was proposed, MMA applied to the Town of Bourne Conservation Commission for approval of the project under the Wetlands Protection Act. The application raised an issue as to the ownership of the land between the gatehouse and the State Pier.
In June 1997, MMA and the Town of Bourne Board of Selectmen entered into a memorandum of understanding (hereinafter the “Agreement”) to address the issue of the ownership of the road. The Agreement provided that MMA would designate twenty public parking spaces along Academy Drive that would be “available to the general public whenever the Massachusetts Maritime Academy is open to the public.” The Agreement further provided that the Selectmen would refrain from instituting legal proceedings to discontinue the portion of Academy Drive between the gatehouse and the State Pier.
The plaintiffs filed this suit for injunctive and declaratory relief. Specifically, the plaintiffs seek an order enjoining the Academy from any further construction along the disputed portion of Academy Drive. Additionally, plaintiffs seek a binding declaration that the Agreement is ultra vires and requires a town vote. Finally, plaintiffs seek a binding declaration that the public rights over Academy Drive extend to the State Pier. Defendant MMA has filed the summary judgment motion that is before the Court. Plaintiffs filed a cross-motion for summary judgment, and in response, defendant Town of Bourne has filed a cross-motion for summary judgment.
DISCUSSION
This Court grants summary judgment where the “pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law.” Mass.R.Civ.P. 56(c). “[A] party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates ... that the party opposing the motion has no reasonable expectation of proving an essential element of the party’s case.” Kourouvacilis v. General Motors, 410 Mass. 706, 714 (1991). Once a party moving for summary judgment demonstrates a lack of evidence to support the opponent’s case, the burden shifts to the opposing party to demonstrate that a genuine issue of material fact exists. Id. A party resisting summary judgment must come forward with substantial material evidence in support of its case, not mere allegations or expected proof. Id.
I. Public Access to Academy Drive
The selectmen of a town may vote to discontinue a town way at a meeting. G.L.c. 85, §21. There is a public easement of travel over a public way that has not been discontinued. Nylande v. Potter, 423 Mass. 158, 161 (1996). The public has the right to use all town ways without discrimination. Parks v. City of Boston, 25 Mass. 218 (1829); Southworth v. Smith, 61 Mass. 400 (1851). A town may place reasonable restrictions on such use of public ways. Carson v. Brady, 329 Mass. 36, 41 (1952); G.L.c. 40, §22; G.L.c. 85, §10.
Plaintiffs seek a declaration that the public rights in Academy Drive extend to the State Pier. MMA asserts ownership of the portion of Academy Drive from the pier to the gate. In fact, the portion of Academy Drive from the gatehouse to the State Pier is a public way. A 1957 vote discontinued the public way at the State Pier at Taylor’s Point. There has been no evidence presented to show that the town ever discontinued Academy Drive beyond the State Pier.[3]
In the early 1980s, the town of Bourne granted MMA permission to construct a gate where Academy Drive meets Tower Lane. Subsequently, MMA began holding itself out as the owner of the portion of Academy Drive that lies between the gate and the pier, and restricted its use. The application for approval of MMA’s construction plan raised the issue of the own *118 ership of the road. In June 1997, the Selectmen entered the Agreement with MMA to resolve the dispute. The Agreement does little in terms of clarification. The Agreement provides that MMA will designate twenty parking spaces as public. This designation seems unnecessary given that the public has the right to park along this public way. The Agreement further provides that such parking spaces would be “available to the general public whenever the Massachusetts Maritime Academy is open to the public.”[4] MMA cannot unilaterally restrict the public’s use of Academy Drive. Finally, the Agreement provides that the town of Bourne will not commence legal proceedings to discontinue that portion of Academy Drive. The terms of the Agreement retain the town’s ownership of Academy Drive, while allowing MMA to hold itself out as the owner of the road.
Plaintiffs claim rights over Academy Drive to the State Her, including unrestricted access to parking and fishing along the Canal. Although there are rights to public access, the rights are not unlimited. The public enjoys unrestricted rights to parking along Academy Drive, subject only to the restrictions imposed by the town. Plaintiffs claim that the public also enjoys an unrestricted right to fish pursuant to the Colonial Ordinance of 1641-47. The rights stemming from the Ordinance are not as broad as plaintiffs suggest. The Ordinance established that a person owning land adjacent to the sea shall hold title out to the low water mark, but that such ownership shall not interfere with the public’s right to fish up to the high water mark. This right to fish in the intertidal zone is not unrestricted. For example, the right to fish does not include the right to cross private property to gain access to the intertidal zone. Opinion of the Justices, 365 Mass. 681, 687 (1974); Barry v. Grela, 372 Mass. 278, 279 (1977). Thus, the public may only cross MMA’s property between the high and low water marks to fish.
For these reasons, the plaintiffs are entitled to judgment as a matter of law. The public rights over Academy Drive extend to the State Pier. Consequently, MMA may not restrict public access to Academy Drive up to the State Pier.
II. Construction Plan
Plaintiffs seek an order enjoining MMA from conducting any further construction along the disputed portion of Academy Drive. The selectmen of a town have the exclusive authority to alter a public way. G.L.c. 82, §§21, 22.[5] The selectmen of a town may lawfully enter into agreements with owners of abutting property regarding the alteration of a public way without formal proceedings on the record. Boston v. Brazer, 11 Mass. 447, 449 (1814).
The proposed elements of MMA’s “beautification construction plan” include replacement of the gatehouse, landscape features, paving of the roadway, and handicap accessibility to the boardwalk and pier. MMA has submitted the plan to the town of Bourne for approval. The town may lawfully grant MMA permission to make the proposed improvements; however, permission to beautify the property along Academy Drive is not tantamount to permission to control the area. MMA may improve the property, but they may not restrict public access thereto. For this reason, the defendants MMA and the Commonwealth are entitled to judgment as a matter of law.
III. The Memorandum of Understanding
Plaintiffs seek a declaration that the Agreement between the Board of Selectmen of Bourne and the MMA is ultra vires and requires a town vote. The General Laws require a town vote for the discontinuance of a public way. G.L.c. 82, §21. As stated above, the selectmen of a town have the authority to enter agreements regarding the alteration of public ways. Such agreements do not require a town vote. Id.; Boston v. Brazer, supra. Section 1.2.2 of the Town of Bourne General By-Laws provides, in pertinent part: “The selectmen may institute, prosecute, defend, compromise and settle claims, actions, suits or other proceedings brought by, on behalf of or against the Town . . .”
The Board of Selectmen of Bourne were expressly authorized to enter the Agreement with MMA. Such agreements do not require a town vote. The Selectmen did not discontinue the public way by the terms of the Agreement.[6]
The Agreement provides that MMA will designate twenty parking spaces as public, and that the spaces will be available to the public whenever MMA is open to the public. As stated above, private parties cannot restrict public access to a public way. Carson v. Brady, 329 Mass. at 41. The Town of Bourne has been entrusted with the control and regulation of public ways. G.L.c. 40, §22; G.L.c. 85, §10. The Town of Bourne should impose and enforce any restrictions on the use of Academy Drive, if they deem such restriction appropriate. It is insufficient for the Selectmen of Bourne to agree to allow a private party, such as MMA, to impose and enforce restrictions on the use of a public way.
For these reasons the defendants the Board of Selectmen of the Town of Bourne, MMA and the Commonwealth are entitled to judgment as a matter of law. The Selectmen were authorized to enter the agreement in the absence of a town vote; however, the provision of the Agreement by which MMA is authorized to restrict access to Academy Drive is null and void.
ORDER
Accordingly, it is hereby ORDERED that the summary judgment motion of the defendants Massachusetts Maritime Academy and the Commonwealth is DENIED with respect to the ownership of Academy Drive, and ALLOWED with respect to the continuation *119 of the construction plan, and the validity of the memorandum of understanding. Consistent with this Order, the plaintiffs’ cross-motion for summary judgment is hereby ALLOWED with respect to the ownership of Academy Drive, and DENIED with respect to the injunctive relief, and the invalidity of the memorandum of understanding. The defendant Board of Selectmen of the Town of Bourne’s cross-motion for summary judgment is hereby ALLOWED with respect to the Board’s authority to enter binding agreements, such as the 1997 memorandum of understanding on behalf of the Town; however, the provision of the Agreement that states that “These twenty (20) Public Parking spots shall be available to the general public whenever the Massachusetts Maritime Academy is open to the public” is null and void.
It is further ORDERED that a declaration shall issue to the effect that:
Public rights over Academy Drive extend to the State Pier.

 At the time of the vote the roadway referred to was named State Pier Road, and has subsequently been renamed Academy Road.

 A letter dated February 1997 by an engineer of the town of Bourne indicates that, having researched the subject, he was unable to locate evidence of a discontinuance. Afollow-up memorandum by MMA concurs with the conclusion that the disputed portion of Academy drive remains a public way. (Attached as Exhibit 7 to plaintiffs’ opposition.)

 MMA has restricted public access by car between the hours of 10:00 PM and 6:00 AM.

 G.L.c. 82, §21 provides: “The selectmen or road commissioners of a town or city council of a city may lay out, relocate or alter town ways, for the use of the town or city, and private ways for the use of one or more of the inhabitants thereof; or they may order specific repairs to be made upon such ways; and a town, at a meeting, or the city council of a city, may discontinue a town way or a private way.”
G.L.c. 82, §22 calls for seven days written notice of intention to owners of land to be taken for any purpose provided for in §21.

 The Agreement provided, in pertinent part, “The Town of Bourne will not commence legal action to discontinue the portion of Academy Drive ...”